# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

RODRIGO HERNANDEZ-SANCHEZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C19-5840 RJB
CR17-5384 RJB

ORDER TRANSFERRING MOTION

This matter comes before the Court on Petitioner's September 6, 2019 Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *Hernandez-Sanchez v. United States*, Western District of Washington Case Number 19-5840, Dkt. 1. and in *United States v. Hernandez-Sanchez*, Western District of Washington Case Number 17-cr-5384 RJB, Dkt. 103. The Court has reviewed the relevant documents and the remainder of the file herein.

On September 6, 2019, Petitioner filed the instant motion, challenging the validity of his sentence under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. *Id*.

Petitioner received the 84-month sentence on January 25, 2019, which was imposed after his guilty plea to conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841 (a)(1) and to illegal reentry after deportation in violation of 8 U.S.C. § 853. *United States v. Hernandez-Sanchez*, Western District of Washington Case Number 17-cr-5384 RJB, Dkt. 91.

This is Petitioner's third § 2255 motion. On July 8, 2019, Petitioner filed a motion, challenging the validity of his sentence under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel because of counsel's failure to help him pursue a reduced sentence through the safety valve provision found at 18 U.S.C. 3553(F). *Hernandez-Sanchez v. United States*, Western District of Washington Case Number 19-5643 RJB, Dkt. 1; and in *United States v. Hernandez-Sanchez*, Western District of Washington Case Number 17-cr-5384 RJB, Dkt. 99. This motion was transferred to the Ninth Circuit Court of Appeals as a second or successive petition. *Hernandez-Sanchez v. United States*, Western District of Washington Case Number 19-5643 RJB, Dkt. 3; and in *United States v. Hernandez-Sanchez*, Western District of Washington Case Number 17-cr-5384 RJB, Dkt. 100.

In his first § 2255 motion, he claimed that his Sixth Amendment right to effective assistance of counsel was violated when counsel: (1) failed to follow certain strategies and argue several Fourth Amendment violations in the motion to suppress, including: that the warrant did not comply with Rule 41, the warrant was not supported by probable cause, his arrest was improper because the search was not, that the Petitioner suffered a "*Payton* [*v. New York,* 445 U.S. 573 (1980)]" violation, and suffered a *de facto arrest* and (2) failed to communicate with the Petitioner with due diligence, while referencing the "language barrier." *Hernandez-Sanchez v. United States*, Western District of Washington case 19-5105 RJB, Dkt. 1; and filed in *United States v. Hernandez-Sanchez*, Western District of Washington Case Number 17-cr-5384 RJB,

Dkt. 96. His motion was denied. *Hernandez-Sanchez v. United States*, Western District of Washington case 19-5105 RJB, Dkt. 7; and filed in *United States v. Hernandez-Sanchez*, Western District of Washington Case Number 17-cr-5384 RJB, Dkt. 98. Petitioner appealed that decision. *Hernandez-Sanchez v. United States*, Western District of Washington case 19-5105 RJB, Dkt. 10.

Any prisoner seeking to file a successive motion must first file, in the appropriate court of appeals, a motion for an order authorizing the district court to consider the successive application. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A).

Because Petitioner has previously filed at least one 28 U.S.C. § 2255 motion, the instant motion is a second or successive one. Accordingly, this Court is without jurisdiction to consider Petitioner's motion until the Ninth Circuit Court of Appeals has authorized its filing. Thus, Petitioner's motion is not properly before this Court.

Therefore, this case is hereby:

**TRANSFERRED** to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3. Petitioner is advised that this transfer does not of itself constitute compliance with § 2244(b)(3)(A) and Ninth Circuit Rule 22-3. Petitioner must still file a motion for leave to proceed in the Court of Appeals and make the showing required by § 2255(h).

The Clerk is directed to close this case and to transfer all original documents to the Ninth Circuit Court of Appeals. The Clerk shall, however, retain a copy of the motion and of this Order in the file. The Clerk is further directed to send a copy of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of September, 2019.

ROBERT J. BRYAN
United States District Judge